# Exhibit 1



# ✓dcra
## District of Columbia Government
## Corporations Division

**Form SP-1.** Ver. 4, January 2020
## Service of Process Action Form

| Entity Name: | *National Abortion Federation* |
|---|---|
| **Entity Address:** | *1090 Vermont Ave, NW #1000, WASH, DC 20005* |
| **Date of Service:** | *8/23/22* |
| **Type of Service:** | ☐ Demand   ☐ Trial   ☐ Legal Notice   ☐ Subpoena<br>Other |
| **Subject:** | *Summons* |

Dear Customer,

Service was made upon the Superintendent of Corporations of Department of Consumer and Regulatory Affairs, for the District of Columbia on the following date *8/23/22* and this copy is forwarded to you by certified mail in accordance with the Code of Laws for the District of Columbia.

If you have any questions, please contact the Court or Attorney for the Plaintiff.

*Josef G. Gasimov*
JOSEF G. GASIMOV
Superintendent of Corporations,
Corporations Division

1100 Fourth Street S.W. Waterfront 4th Floor ~ Washington D.C. 20024 ~
Phone: (202) 442-4432 Fax (202) 442-4523

EHIBIT 1



**vdcra** **DC** GOVERNMENT OF THE DISTRICT OF COLUMBIA MURIEL BOWSER, MAYOR

## District of Columbia Government

### Corporations Division

| Service of Process Action Form. Form GN-6, Ver. 3, April 2018. |
|---|

This form can only be used to serve the defendant – domestic or foreign filing entity if plaintiff or his representative have exhausted all the means to serve domestic or foreign filing entity as prescribed under D.C. Code § 29-104.12

| ENTITY TYPE / AUTHORITY | FILING FEE |
|---|---|
| Domestic or Foreign Filing Entity: § 29-104.12 | Refer to Corporate Fee Schedule posted online. |

**Under the provisions of the Title 29 of D.C. Code (Business Organizations Act), the plaintiff identified below is serving the defending domestic or foreign filing entity and for that purpose submits the statement below.**

1. Plaintiff's Name.

THERESE CAYARD

2. Plaintiff's Address.

5009 Sargent Road, N.E., Washington, D.C. 20017

3. Defending Domestic or Foreign Filing Entity's Name. (give file# if known)

NATIONAL ABORTION FEDERATION

4. Defending Domestic or Foreign Filing Entity's Address.

1090 Vermont Avenue, N.W., Suite 1000, Washington, D.C. 20005

5. One of the following conditions applies. (must select one)

[✓] Represented entity failed to appoint or maintain a registered agent in the District; or

[ ] A represented entity's registered agent in the District cannot with reasonable diligence be found.

6. Duplicate copies of the process, notice, or demand are submitted along with this form.

If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405.

| 7. Name of the Plaintiff or Authorized Person. | 7A. Signature of the Plaintiff or Authorized Person. |
|---|---|
| David A. Branch | *David Branch* |

**Mail all forms and required payment to:**
Department of Consumer and Regulatory Affairs
Corporations Division
PO Box 92300
Washington, DC 20090
**Phone: (202) 442-4432**

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION

**Therese Cayard**

                                    **Plaintiff**                        **Case No.: 2022 CA 02837 B**

                                                   *vs.*

**National Abortion Federation**

                                    **Defendant**

## AFFIDAVIT OF DUE DILIGENCE

I, Raymond Hyson, a Private Process Server, having been duly authorized to make service of the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, and Complaint in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter. That I am the Custodian of Records of Capitol Process Services, Inc.

That after due search, careful inquiry and diligent attempt(s), we have been unable serve National Abortion Federation c/o VIcki Saporta, Registered Agent with the above named process.

That on August 15, 2022 at 11:51 AM, I attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, I spoke to the concierge who stated that no one is in the office today and that someone should be in tomorrow.

That on August 16, 2022 at 1:25 PM, I attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, once again, I spoke to the concierge who stated that no one is in the office.

That on August 17, 2022 at 12:08 PM, my agent, Ambiko Wallace, attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, Mr. Wallace stated that he spoke to the office manager who stated that Vicki Saporta no longer works here and no one else was authorized to accept service.

I declare under penalty of perjury that this information is true.

Sworn to before me on 08/22/2022

_Angela H. Croson_
Angela H. Croson
Notary Public, District of Columbia
My Commission Expires: March 31, 2024

_Raymond Hyson_
Raymond Hyson

Client Ref Number:N/A
Job #: 1606839

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
CIVIL DIVISION Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

THERESE CAYARD
    Vs.                            C.A. No.     2022 CA 002837 B
NATIONAL ABORTION FEDERATION

### INITIAL ORDER AND ADDENDUM

#### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge YVONNE WILLIAMS
Date:     July 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, September 23, 2022
Location:   Courtroom 212
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60



**✔dcra**

**District of Columbia Government**
**Corporations Division**

**Form SP-1.** Ver. 4, January 2020
**Service of Process Action Form**

| Entity Name: | *National Abortion Federation* |
|---|---|
| **Entity Address:** | *1090 Vermont Ave, NW # 1000, WASH, DC 20005* |
| **Date of Service:** | *8/23/22* |
| **Type of Service:** | ☐ Demand   ☐ Trial   ☐ Legal Notice   ☐ Subpoena<br>Other |
| **Subject:** | *Summons* |

Dear Customer,

Service was made upon the Superintendent of Corporations of Department of Consumer and Regulatory Affairs, for the District of Columbia on the following date *8/23/22* and this copy is forwarded to you by certified mail in accordance with the Code of Laws for the District of Columbia.

If you have any questions, please contact the Court or Attorney for the Plaintiff.

*Josef G. Gasimov*

JOSEF G. GASIMOV
Superintendent of Corporations,
Corporations Division



**GOVERNMENT OF THE
DISTRICT OF COLUMBIA
MURIEL BOWSER, MAYOR**

## District of Columbia Government

### Corporations Division

**Service of Process Action Form.
Form GN-6, Ver. 3, April 2018.**

This form can only be used to serve the defendant – domestic or foreign filing entity if plaintiff or his representative have exhausted all the means to serve domestic or foreign filing entity as prescribed under D.C. Code § 29-104.12

| ENTITY TYPE / AUTHORITY | FILING FEE |
|---|---|
| Domestic or Foreign Filing Entity § 29-104.12 | Refer to Corporate Fee Schedule posted online |

**Under the provisions of the Title 29 of D.C. Code (Business Organizations Act), the plaintiff identified below is serving the defending domestic or foreign filing entity and for that purpose submits the statement below.**

1. Plaintiff's Name.

THERESE CAYARD

2. Plaintiff's Address.

5009 Sargent Road, N.E., Washington, D.C. 20017

3. Defending Domestic or Foreign Filing Entity's Name. (give file# if known)

NATIONAL ABORTION FEDERATION

4. Defending Domestic or Foreign Filing Entity's Address.

1090 Vermont Avenue, N.W., Suite 1000, Washington, D.C. 20005

5. One of the following conditions applies. (must select one)

[✓] Represented entity failed to appoint or maintain a registered agent in the District; or

[ ] A represented entity's registered agent in the District cannot with reasonable diligence be found.

6. Duplicate copies of the process, notice, or demand are submitted along with this form.

If you sign this form you agree that anyone who makes a false statement can be punished by criminal penalties of a fine up to $1000, imprisonment up to 180 days, or both, under DCOC § 22-2405.

7. Name of the Plaintiff or Authorized Person.

David A. Branch

7A. Signature of the Plaintiff or Authorized Person.

*David Branch*

**Mail all forms and required payment to:**
Department of Consumer and Regulatory Affairs
Corporations Division
PO Box 92300
Washington, DC 20090
**Phone: (202) 442-4432**

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA - CIVIL DIVISION**

**Therese Cayard**

Plaintiff

Case No.: 2022 CA 02837 B

*vs.*

**National Abortion Federation**

Defendant

### <u>AFFIDAVIT OF DUE DILIGENCE</u>

I, Raymond Hyson, a Private Process Server, having been duly authorized to make service of the Initial Order and Addendum, Summons in English and Spanish, Information Sheet, and Complaint in the above entitled case, hereby depose and say:

That I am over the age of eighteen years and not a party to or otherwise interested in this matter. That I am the Custodian of Records of Capitol Process Services, Inc.

That after due search, careful inquiry and diligent attempt(s), we have been unable serve National Abortion Federation c/o VIcki Saporta, Registered Agent with the above named process.

That on August 15, 2022 at 11:51 AM, I attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, I spoke to the concierge who stated that no one is in the office today and that someone should be in tomorrow.

That on August 16, 2022 at 1:25 PM, I attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, once again, I spoke to the concierge who stated that no one is in the office.

That on August 17, 2022 at 12:08 PM, my agent, Ambiko Wallace, attempted to serve National Abortion Federation c/o Vicki Saporta, Registered Agent at 1090 Vermont Avenue, NW, Suite 1000, Washington, DC 20005. On this occasion, Mr. Wallace stated that he spoke to the office manager who stated that Vicki Saporta no longer works here and no one else was authorized to accept service.

I declare under penalty of perjury that this information is true.

Sworn to before me on 08/22/2022

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires: March 31, 2024

Raymond Hyson

Client Ref Number:N/A
Job #: 1606839

Capitol Process Services, Inc. | 1827 18th Street, NW, Washington, DC 20009 | (202) 667-0050



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

THERESE CAYARD
    Vs.
NATIONAL ABORTION FEDERATION

C.A. No.    2022 CA 002837 B

## INITIAL ORDER AND ADDENDUM

### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge YVONNE WILLIAMS
Date:    July 5, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, September 23, 2022
Location:    Courtroom 212
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"'), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

▓▓▓▓▓▓ **(AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

▓▓▓▓▓▓ **(LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page:
https://dccourts.webex.com/meet/XXXXXXXXX

▓▓▓▓▓▓ **(LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address
https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

▓▓▓▓▓▓ **(Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

CAIO-60

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|-----|-----|-----|-----|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Therese Cayard
_____
                                    Plaintiff

            vs.                                                Case Number    **2022 CA 002837 B**

National Abortion Federation
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
_____
Name of Plaintiff's Attorney

Law Office of David A. Branch and Associates, PLLC          By  _____
Address                                                              Deputy Clerk
1828 L Street, NW, Suite 820, Washington, DC 20036

(202) 785-2805                                              Date   **07/07/2022**
Telephone
如需翻譯, 請打電話 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오        የአማርኛ ትርጉም ለማግኘት (202) 879-4828  ይደውሉ

        IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

        If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
Subsecretario

_____
Dirección

_____

Fecha _____

_____
Teléfono
如需翻译, 请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828로 전화주십시오     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                        Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Therese Cayard

Case Number: **2022 CA 002837 B**

vs

Date: June 24, 2022

National Abortion Federation

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)*<br>David A. Branch<br>Firm Name:<br>Law Office of David A. Branch & Associates, PLLC<br>Telephone No.:         Six digit Unified Bar No.:<br>(202) 785-2805      438764 | Relationship to Lawsuit<br>☒ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |
|---|---|

TYPE OF CASE: ☐ Non-Jury       ☐ 6 Person Jury       ☒ 12 Person Jury
Demand: $_____      Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                                      **COLLECTION CASES**

☐ 01 Breach of Contract            ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty            ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument         ☐ 27 Insurance/Subrogation               ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                  Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☒ 13 Employment Discrimination     ☐ 07 Insurance/Subrogation               ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees             Under $25,000 Pltf. Grants Consent        Under $25,000 Consent Denied
                                   ☐ 28 Motion to Confirm Arbitration
                                        Award (Collection Cases Only)

---

**B. PROPERTY TORTS**

☐ 01 Automobile             ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion             ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

---

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference       ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal            ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile, ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)             ☐ 23 Tobacco
                                                                     ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

## II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

## D. REAL PROPERTY

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

June 24, 2022
_____
Date

CV-496/ June 2015

**Filed**
**D.C. Superior Court**
**08/08/2022 21:88RM**
**Clerk of the Court**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| **THERESE CAYARD**<br>**5009 Sargent Road, N.E.**<br>**Washington, D.C. 20017**<br><br>*Plaintiff*<br><br>v.<br><br>**NATIONAL ABORTION FEDERATION**<br>**1090 Vermont Avenue, N.W., Suite 1000**<br>**Washington, D.C. 20005**<br><br>*Defendant* | Civil Action No.  **2022 CA 002837 B**<br><br>**Jury Trial Demand** |

## COMPLAINT

Comes now Plaintiff Therese Cayard, by and through her attorneys, and hereby files this

Complaint against Defendant National Abortion Federation (hereinafter "Defendant," "Defendant

NAF," or "NAF"). Plaintiff Cayard seeks relief pursuant to the District of Columbia Family and

Medical Leave Act ("DCFMLA"), COVID-19 Leave, D.C. Code Ann. § 32-502.01 *et seq.*, D.C.

Mun. Regs. Tit. 4 § 1600 *et seq.*; the Fair Labor Standards Act of 1938, ("FLSA") as amended, 29

U.S.C. § 201 *et seq.*; and the Families First Coronavirus Response Act ("FFCRA"); including but

not limited to declaratory, injunctive and other equitable relief, compensatory and punitive

damages, litigation expenses and reasonable attorneys' fees, based on Defendant's discriminatory,

harassing, retaliatory, and otherwise unlawful actions against Plaintiff Cayard.

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this Complaint pursuant to

D.C. Code § 11-921.

2.      Venue is proper in this Court in that the events and omissions giving rise to

Plaintiff's claims occurred here in the District of Columbia and Defendant may be found here.

## PARTIES

3.      Plaintiff Cayard is an African American female and a resident of the District of

Columbia.

4.      National Abortion Federation ("NAF") is a not for profit, membership-based

healthcare organization based in Washington, D.C. NAF is an employer within the meaning of the

District of Columbia Family and Medical Leave Act ("DCFMLA"), D.C. Code Ann. § 32-501 *et*

*seq.*, D.C. Mun. Regs. Tit. 4 § 1600 *et seq.*; the District of Columbia Human Rights Act

("DCHRA"), D.C. Code § 32-1401 *et seq.*; the Fair Labor Standards Act of 1938, ("FLSA") as

amended, 29 U.S.C. § 201 *et seq.*; and the Families First Coronavirus Response Act ("FFCRA").

## FACTS

5.      Ms. Cayard, an African American female, began employment at the National

Abortion Federation as a temporary Human Resources ("HR") Generalist on July 22, 2019. She

was promoted to a full time HR Generalist in February 2020. Ms. Cayard reported to Saana Holley,

the Human Resources Manager. Ms. Cayard's duties as a temporary HR Generalist included

assisting HR Generalists; coordinating HR events; updating HRIS and other personnel systems;

assisting with onboarding materials; and fulfilling office management duties such as developing

and implementing office polices; fulfilling reception, phone, and mailing duties; and maintaining

offsite storage and office supplies. As a permanent HR Generalist, Ms. Cayard's duties also

included talent management; courting and recruitment responsibilities such as sourcing and

recruitment efforts and onboarding of new hires; compensation and benefits responsibilities such

2

as administration of employee health, welfare, and retirement plans; employee engagement and relations duties such as providing oversight of performance management processes with the director of Human Resources; and compliance responsibilities such as generating and maintaining HR information; drafting Human Resource policies; and maintaining the ADP database. Ms. Cayard's duties further overlapped with other roles including Systems Manager and Administrator, Office Manager, Payroll Specialist, and Administrative Assistant/Coordinator for HR.

6.      On September 12, 2019, Ms. Cayard attended a meeting with Katrina Mclean, Accounting Manager, to discuss Human Resources and finance payroll processes. The calendar invite sent by Ms. Cayard for the meeting contained the following message: "Thank you for taking the time to meet with me to discuss processes that affect both Accounting and HR. I hope we can use this meeting to clearly outline our processes for payroll processing, onboarding and offboarding and review new/existing forms and docs. Attached is my attempt to outline and identify owners for HR/Payroll processes that come to mind during certain stages of the employee life cycle. I thought this might be helpful in mapping out our future processes. Please review and come prepared with any questions, concerns, or recommendations you may have. Also, the only available conference room is the one included in this email. Do you think you can bring your laptop with you in case we want to make changes and/or view documentation?"

7.      Throughout the duration of the September 12, 2019 meeting, Ms. Mclean became increasingly frustrated, uncooperative, loud, and started using profanity. Ms. Cayard immediately ended the meeting and reported the incident to her supervisor, Saana Holley, Human Resources Director. Ms. Holley told Ms. Cayard that she needed to have more compassion and to not let it affect her. Ms. Cayard explained to Ms. Holley, that Ms. Mclean was creating a hostile work

3

environment. To Ms. Cayard's knowledge, there was no investigation of her complaint, and no remedial action was taken against Ms. Mclean.

8.      In January 2020, Ms. Cayard was offered to convert from a temporary HR Generalist to a regular fulltime, exempt employee. Ms. Cayard expressed concern about the job offer and specifically that the job description and offer did not actually reflect the job duties and responsibilities for which she was responsible for managing and executing (e.g., payroll, timekeeping and attendance, and office management); that the position should be classified as non-exempt; and that the pay being offered was not adequate for the level of responsibilities. Ms. Cayard inquired about a salary increase or sign-on bonus during her weekly one-on-one meetings with Ms. Holley and was informed that there was no money in the budget for additional monetary incentives and that it would not look good to senior leadership if the position were converted to non-exempt.

9.      On January 21, 2020, Ms. Cayard received a payroll adjustment email from Veronica E. Jones, Chief Operating Officer ("COO"), advising her to increase the salaries of three senior leaders: COO Veronica Jones, HR Director Saana Holley, and Vice President, External Relations Melissa Fowler by five to ten percent, each in relation to the additional work staff would take on with the departure of a senior staff member. Ms. Cayard then made another request for a salary increase before accepting her official offer. Ms. Cayard's request was declined by Ms. Jones.

10.     On February 1, 2020, Ms. Cayard officially transitioned to a fulltime, regular salaried employee and her official title was HR Generalist.

11.     On February 11, 2020, Ms. Cayard received an email from the CFO asking Ms. Cayard to increase Ms. Holley's salary by an additional $10,000.

4

12.    On or near February 18, 2020, Ms. Cayard met with the newly hired temporary Office Manager to discuss office procedures and review notes. The temporary Office Manager should have received training from Finance regarding the donation and bank deposit process. This training never happened and therefore Ms. Cayard and the Office Manager had to develop a new process. During their conversation, Ms. Mclean approached the receptionist desk and engaged in discussion regarding bank deposits. Ms. Cayard explained to Ms. Mclean that the temporary Office Manager had not received training, that they were still waiting on a process from Finance, and to give them an opportunity to discuss their internal review and that they would follow up. Again, Ms. Mclean started to shout and make unprofessional comments towards Ms. Cayard regarding her demeanor. Ms. Cayard, again, immediately reported this hostile behavior to her supervisor and, to Ms. Cayard's knowledge, no remedial action was taken.

13.    On April 8, 2020, Ms. Cayard sent Ms. Holley an email regarding the workplace challenges she had encountered during her time with the organization and made note of the additional job duties and responsibilities she had taken on since joining the organization in July 2019. Ms. Cayard later met with Ms. Holley over a virtual call to discuss Ms. Cayard's concerns. There was no resolution of the issues during the virtual call, and none of Ms. Cayard's issues were addressed.

14.    In May 2020, Ms. Cayard and Ms. Holley discussed the number of files that were located on the shared drives. Ms. Cayard expressed that there were too many files for her to possibly restructure and name, and that she would focus her efforts on current HR working documents and templates and personnel files.

15.    On May 14, 2020, Ms. Cayard was informed that an offer was extended to a contract

5

HR Manager who officially started May 18, 2020. Ms. Cayard was also informed that an offer was extended to a contract HR Specialist who officially started May 27, 2020.

16.    In June 2020, during her weekly one-on-one meeting with Ms. Holley, Ms. Cayard expressed concerns with her job duties and responsibilities being unclear and asked for an evaluation of her job description to accurately assess the role. To Ms. Cayard's knowledge, this evaluation did not occur and instead the recently added roles, HR Manager and Specialist, evolved.

17.    In July 2020, during her weekly one-on-one meeting with Ms. Holley, Ms. Cayard and her supervisor discussed challenges with the SharePoint project and volume of files that still needed to be converted. At no time was Ms. Cayard informed that there were any issues with her performance.

18.    In August 2020, Ms. Cayard expressed to Ms. Holley that a decision was made to change the name of the file structure for one of the SharePoint folders and that the number of personnel files needed to convert was a lot more than she originally anticipated and therefore needed to delay the migration.

19.    On August 11, 2020, Ms. Cayard submitted an initial request for a leave of absence under the Families First Coronavirus Response Act ("FFCRA") effective August 17, 2020, to care for her child while the child's school was closed due to COVID-19.

20.    On August 19, 2020, Ms. Cayard met with Ms. Holley regarding Ms. Cayard's leave request.

21.    On August 26, 2020, Ms. Cayard again met with Ms. Holley to complete a retroactive employee performance review and to discuss her leave request. After completion of Ms. Cayard's performance review, Ms. Holley decided that a performance improvement plan

6

("PIP") was needed. Ms. Cayard's request for leave was approved. No PIP was issued to Ms. Cayard.

22.    On September 10, 2020, Ms. Cayard submitted an amended leave request to change the days she would need off.

23.    On September 17, 2020, Ms. Cayard's amended leave request was approved.

24.    On September 21, 2020, Ms. Cayard, without warning or prior notice, was informed that she was not a good fit for the role, was informed that her position was being eliminated, and she was terminated.

25.    Through August 2020, the National Abortion Federation had no plans to eliminate Ms. Cayard's position and the decision to terminate her was made after she requested leave under the Families First Coronavirus Response Act. Ms. Cayard suffered great emotional distress as a result of the treatment she received and financial hardship as a result of the treatment the received and being terminated. Compounding the problem is the fact that she has grave concerns about gaining employment in the future in light of a termination on her record. In addition, her professional reputation has been tarnished.

**COUNT I**
**Violation of the District of Columbia Family and Medical Leave Act ("DCFMLA")**
**D.C. Code Ann. § 32-501 *et seq.*, D.C. Mun. Regs. Tit. 4 § 1600 *et seq.***

26.    Plaintiff incorporates and adopts by reference all paragraphs above as if fully stated herein.

27.    The District of Columbia Family and Medical Leave Act, D.C. Code Ann. § 32-501 *et seq.*, D.C. Mun. Regs. Tit. 4 § 1600 *et seq.*, requires all employers, including the District of Columbia, to provide up to sixteen weeks of unpaid family leave for the birth of a child, adoption

7

or foster care or to care for a seriously ill family member and up to sixteen weeks of unpaid medical leave to recover from a serious illness rendering the employee unable to work. The leave may also be taken intermittently, in the case of a serious health condition, as defined in the D.C. Family and Medical Leave Act. The Act further provides in § 32-502.01 and § 32-502.07, that "during the COVID-19 public health emergency, an employee shall be entitled to leave if the employee is unable to work due to: . . . (3) a need to care for a child whose school or place of care is closed or whose childcare provider is unavailable to the employee and it shall be unlawful for any person to interfere with, restrain or deny the exercise of or the attempt to exercise any right provided by this subchapter."

28.    At all pertinent times, Defendant NAF was an employer subject to provisions of D.C. Family and Medical Leave Act.

29.    At all pertinent times, Plaintiff Cayard was an eligible employee entitled to invoke her rights under the D.C. Family and Medical Leave Act.

30.    In willful violation of the DCFMLA, Defendant NAF issued notice to Plaintiff of termination of her employment after she requested leave under the Families First Coronavirus Response Act because of her childcare responsibilities on August 11, 2020 and September 10, 2020.

31.    Defendant had no legitimate business reason for any such acts.

32.    As a direct and proximate cause of Defendant's actions, Plaintiff Cayard lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to her employment and personal reputation.

**COUNT II**
**Violation of the Fair Labor Standards Act of 1938, as amended ("FLSA")**
**29 U.S.C. § 201 *et seq.***

33.     Plaintiff incorporates and adopts by reference all paragraphs above as if fully stated herein.

34.     At all pertinent times, Defendant NAF was an employer subject to provisions of FLSA.

35.     At all pertinent times, Plaintiff Cayard was an employee protected by FLSA.

36.     In violation of the FLSA, Defendant NAF intentionally and purposely improperly classified Plaintiff's position as exempt. Plaintiff was employed as a HR Generalist beginning in February 2020, and regularly worked over 40 hours a week and was not compensated or paid overtime when she worked over 40 hours a week. She was not "employed in a bona fide executive, administrative or professional capacity." Pursuant to Department of Labor regulations, an "administrative" employee is defined as individual: 1) who is compensated on a salary or fee basis at a rate of not less than $455.00 per week; 2) primarily engaged in the performance of office or non-manual work directly related to the management or general business operations of the employer; and 3) whose primary duties include the exercise of discretion and independent judgment on matters of significance.

37.     Plaintiff's duties as an HR Generalist did not involve the management or general business operations of the employer and her primary duties did not include the exercise of discretion and independent judgment on matters of significance. As such, Plaintiff should have been classified as non-exempt for purpose of the FLSA, and paid overtime for hours worked which exceeded 40 hours each week. Defendant is liable for a violation of the FLSA, and Plaintiff is

9

entitled to all available damages under the FLSA.

38.    Defendant had no legitimate business reason for any such acts.

39.    As a direct and proximate cause of Defendant's actions, Plaintiff Cayard lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to her employment and personal reputation.

### COUNT III
### Wrongful Discharge

40.    Plaintiff Cayard incorporates by reference all paragraphs above as if fully stated herein.

41.    During the COVID-19 crises, the Families First Coronavirus Response Act ("FFCRA") required employers to provide protected leave to employees who needed to care for a child whose school or place of care is closed or whose childcare provider was unavailable, and prohibited employers from discharging, disciplining or otherwise discriminating any employee who takes paid sick leave under the FFCRA.   The District of Columbia adopted the FFCRA as a public policy to prevent the spread of the COVID-19 virus.

42.    At all pertinent times, Defendant NAF was an employer subject to provisions of FFCRA.

43.    At all pertinent times, Plaintiff Cayard was an eligible employee entitled to invoke her rights under the FFCRA.

44.    In violation of the FFCRA and the public policy of the District of Columbia, Defendant NAF intentionally and willfully terminated Plaintiff's employment after she requested leave under the Families First Coronavirus Response Act because of her childcare responsibilities on August 11, 2020 and September 10, 2020.

10

45.     Defendant had no legitimate business reason for any such acts.

46.     As a direct and proximate cause of Defendant's actions, Plaintiff Cayard lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to her employment and personal reputation.

47.     As a direct and proximate cause of the Defendant's actions, Plaintiff Cayard lost wages and benefits and suffered emotional distress, embarrassment, anxiety, fatigue, mental distress, humiliation, illness, and damage to her employment and personal reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cayard prays as follows:

A.     That the Court issue an Order declaring Defendant's actions to be a violation of the District of Columbia Family and Medical Leave Act, D.C. Code Ann. § 32-501 *et seq.*; the District of Columbia Human Rights Act, D.C. Code § 2-1401; the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*; and the Families First Coronavirus Response Act ("FFCRA") and District of Columbia public policy; declaring Plaintiff eligible to receive equitable and other relief;

B.     Enter judgment against Defendant;

C.     Issue a permanent injunction prohibiting Defendant from engaging in any discriminatory terminations and retaliation;

D.     Enter judgment in favor of Plaintiff against Defendant for all equitable monetary damages available under the law, including but not limited to back pay and front pay in amounts to be determined at trial and all bonuses to which Plaintiff is entitled;

11

E.    Order Defendant to refrain from any retaliation against Plaintiff or any other person, for participating in or supporting this case in any manner;

F.    Order Defendant, individually and collectively, to pay compensatory and punitive damages in an amount no less than five million dollars ($5,000,000);

G.    Order Defendant to pay Plaintiff's reasonable attorneys' fees, expert fees and costs; and

H.    Order Defendant to pay pre-judgment and post-judgment interest as provided by law.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all claims against Defendant.

Date: June 24, 2022                              Respectfully submitted,

                                                _____/s/ David A. Branch_____
                                                David A. Branch
                                                D.C. Bar No. 438764
                                                The Law Office of David A. Branch &
                                                Associates, PLLC
                                                1828 L Street, N.W., Suite 820
                                                Washington, D.C. 20036
                                                Phone: (202) 785-2805
                                                Fax: (202) 785-0289
                                                Email: davidbranch@dbranchlaw.com